*Cullen,* for plaintiff.
*Layton,* for defendant.

———»»»●●●«««———

MARY W. LYNCH, Ex'x. of JOSEPH I. LYNCH, dec'd., deft., *vs.* ZADOCK HILL, plff.

A justice of the peace can render judgment only on a day to which the case stands adjourned ; but objection cannot be taken to this if the parties appeared and went into trial on another day.

Sussex, October term, 1845. This was a certiorari directed to Justice Edward Dingle, to send up the record and proceedings in a

certain action at the suit of Zadock Hill against Mary W. Lynch, executrix of Joseph I. Lynch, deceased.

The justice returned the record of an action commenced by summons on the 25th of May, 1844, upon a promissory note under seal, executed by Joseph I. Lynch, on the 7th of May, 1836, for $50, with two credits endorsed amounting to $40. The summons was made returnable on the 8th of June, 1844, " at Waples & Hickman's storehouse, before Edward Dingle aforesaid." This process was returned " summoned." The defendant appeared. Plaintiff produced the note with the credits endorsed. The next entry was " Plaintiff and defendant both appeared on the 22d day of this inst., June, and after hearing the proofs and allegations of both parties, I gave judgment in favor of plaintiff against defendant as of assets, for debt $24 68, costs of suit 56 cts.—$25 24."

The principal exceptions were : 1st. That the warrant of summons did not sufficiently ascertain the *place* of appearance of the parties. 2d. That the return day mentioned in the summons, was the 8th of June, which was the day of trial; and judgment was rendered on the 22d of June, without any regular continuance of the cause.

*The Court* thought the last exception would have been a fatal objection to the judgment, but for the appearance of both plaintiff and defendant on the 22d of June, and the fact that they both entered into the trial that day, without objection.

Judgment affirmed.

*Layton*, for defendant below.